# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:05-cr-00028-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| CHRISTOPHER LOWELL SIMPSON. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Clarification of Sentence" [Doc. 31].

In his motion, the Defendant claims that the Bureau of Prisons has refused to give him credit for time served for a related state conviction in contravention of the express language of his Judgment. [Doc. 31]. A claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself. United States v. Johnson, 317 F. App'x 336, 337 n.2 (4th Cir. 2009). Such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. Id.; see also United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989); 28 U.S.C. § 2241(a). Because the Defendant is incarcerated in a prison which is outside the Western

District of North Carolina, this Court does not have jurisdiction to entertain his claim.

Alternatively, the Defendant requests that the Court provide him with a copy of his sentencing transcript at the Government's expense. The Defendant, however, has not shown in what manner a transcript of his sentencing hearing is necessary to decide the issue presented by his motion. Federal inmates are not entitled to transcripts at the Government's expense for collateral attacks on their convictions absent some showing of a particularized need. United States v. MacCollom, 426 U.S. 317, 320-21 (1976); United States v. Parker, 273 F. App'x 243, 244 (4th Cir. 2008). "[A]n indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw." Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir. 1972), cert. denied, 410 U.S. 944 (1973) (citation omitted). Here, the Defendant challenges the manner in which the Bureau of Prisons has calculated his time served in light of the explicit language of the Judgment. The Defendant has made no showing why a sentencing transcript is necessary to support his claim. Accordingly, the Defendant's alternative request for a copy of his sentencing transcript at the Government's expense is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Clarification of Sentence [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

Signed: October 1, 2013

Martin Reidinger
United States District Judge